OPINION OF THE COURT
Herman Cahn, J.
Defendant moves to dismiss plaintiff’s complaint for lack of jurisdiction.
In this almost classic “battle of the forms,” defendant, a Michigan corporation, orally agreed to purchase certain machinery from plaintiff for $100,000, and sent plaintiff a $10,000 deposit. Plaintiff then confirmed the sale by sending *459 its invoice to defendant. One of the terms included on the invoice was that New York, where plaintiff is located, would have jurisdiction of any disputes arising under the agreement. Defendant claims that it took exception to the invoice and refused to sign same, claiming that the machinery had been damaged. It appears that the invoice was never signed by defendant and returned to plaintiff as contemplated.
Since neither defendant nor the transaction itself has any nexus with New York (other than as the residence and place of business of plaintiff), the sole issue is whether, under all the circumstances, the clause in plaintiff’s invoice bestowing jurisdiction on this State does in fact accomplish its desired result.
Section 2-207 of the Uniform Commercial Code provides that additional terms contained in a written confirmation of an agreement between merchants become part of the contract if no objection is made within a reasonable time “(2) * * * unless * * * they materially alter it”. There is no question that both plaintiff and defendant are merchants, as that term is used in the Uniform Commercial Code, and that plaintiff’s invoice is a written confirmation of the agreement between the parties.
Furthermore, there was no objection voiced by defendant to the jurisdiction clause in the invoice. Defendant objected to the condition of the machinery and, perhaps on the basis of such condition, to the contract itself. The objection which defendant did make must be considered in the light of the additional $45,000 paid after receipt of the invoice.
The question raised here, is whether the clause agreeing to jurisdiction in New York, is a “material alteration”. If it is, then defendant will not be bound by it even in the absence of objection. If it is not, it will become a part of the parties’ contract and jurisdiction will be found here. (Gilbert v Burnstine, 255 NY 348.) The court has not found any cases directly in point.
In an analogous situation, however, it has been often held that an arbitration clause in an invoice is a “material al *460 teration” (Matter of Marlene Inds. Cory. [Cornac Textiles], 45 NY2d 327). The rationale for the rule is stated in the following way at pages 333-334: “The reason for this requirement, quite simply, is that by agreeing to arbitrate a party waives in large part many of his normal rights under the procedural and substantive law of the State, and it would be unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent”. The same rationale is applicable here. The clause in issue would require defendant to defend a claim half a continent away from its home base in a jurisdiction whose law may differ markedly from that of its home. The fact that the clause was printed in large and easily readable type (rather than in some “small type boilerplate”) will not make the clause any more binding in the absence of agreement. The clause agreeing to jurisdiction in New York is a material clause, and as such is not binding here.
Absent the agreement to jurisdiction in this State, there is no other grounds for jurisdiction asserted. The motion to dismiss for lack of jurisdiction is therefore granted.