■ HUGO BOSS FASHIONS, INC., Appellant, v SAM's EUROPEAN TAILORING, INC., Doing Business as SUIT GALLERY, Respondent. [742 NYS2d 1] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about August 6, 2001, which granted defendant's motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, without costs.

The only basis for jurisdiction asserted by plaintiff seller, a New York-based wholesaler of men's clothing, against defendant buyer, a California-based retailer of men's clothing whose only apparent connection to New York are its telephoned or faxed purchase orders to plaintiff, is the forum selection clause contained in the invoices that plaintiff sent defendant for accepted merchandise. The motion court correctly held that such invoices were confirmatory writings sufficient to satisfy the merchants' exception to the statute of frauds (UCC 2-201 [2]). However, at issue is not whether plaintiff is entitled to prove its alleged oral contracts with defendant, but whether the oral contracts that defendant admittedly entered into with plaintiff included the forum selection clause contained in plaintiff's confirmatory invoices (*see, Bazak Intl. Corp. v Mast Indus.*, 73 NY2d 113, 122-123). In the latter regard, defendant's president states that defendant never orally agreed to New York jurisdiction; plaintiff does not purport to adduce evidence to the contrary, but instead argues that the terms contained in its invoices, including the forum selection clause, are binding on defendant as a matter of law under UCC 2-207 (2) (b), since such terms do not materially alter the parties' oral contracts and defendant never objected thereto. We find, as a matter of fact, that the subject forum selection clause, which, we note, not only requires defendant to litigate in New York but also to waive a jury trial, materially alters the parties' oral contracts (*see, National Mach. Exch. v Peninsular Equip. Corp.*, 106 Misc 2d 458; *cf., Matter of J.J.'s Mae v Warshow & Sons*, 277 AD2d 128). Accordingly, defendant cannot be deemed to have agreed to New York jurisdiction, and the action was properly dismissed for lack of jurisdiction. Concur—Williams, P.J., Saxe, Buckley, Ellerin and Rubin, JJ.