ORKAL INDUSTRIES, LLC, Appellant, v ARRAY CONNECTOR CORPORATION, Respondent. [948 NYS2d 318]—

The plaintiff, a limited liability company located in New York, purchased airplane-related products from the defendant, a corporation located in Florida, by transmitting purchase orders for the products. The defendant confirmed the orders with "customer order acknowledgment" forms that contained a forum selection clause, purportedly placing any contractual disputes in a Florida court. Although the plaintiff never

expressly objected to the forum selection clause, in February 2010, the plaintiff commenced this action against the defendant in New York. The complaint alleged five causes of action seeking damages, inter alia, for unpaid commissions. As relevant here, the third and fourth causes of action were premised on transactions to which the forum selection clause purportedly applied. The defendant moved, among other things, for summary judgment dismissing the complaint based upon the forum selection clause contained in its customer order acknowledgment forms. In an order dated November 30, 2010, the Supreme Court, in effect, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint. In an order dated May 16, 2011, the Supreme Court, upon reargument, vacated the determination in the order dated November 30, 2010, in effect, granting those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action, thereupon denied those branches of the motion, severed the first and second causes of action, and removed those causes of action to the District Court, Nassau County. Furthermore, upon reargument, the Supreme Court adhered to its prior determination granting those branches of the defendant's motion which were, in effect, for summary judgment dismissing the third, fourth, and fifth causes of action. The plaintiff appeals from both the order dated November 30, 2010, and so much of the order dated May 16, 2011, as, upon reargument, severed the first and second causes of action, removed those causes of action to the District Court, and adhered to its prior determination granting those branches of the defendant's motion which were, in effect, for summary judgment dismissing the third and fourth causes of action.

Pursuant to UCC 2-207 (2), additional terms of a contract between merchants become part of the parties' contract unless they are, inter alia, specifically objected to within a reasonable time, or unless the additional terms materially alter the contract. The party opposing the inclusion of the additional terms bears the burden of proving that the additional terms are material changes and, thus, are rendered nonbinding (*see Coosemans Specialties, Inc. v Gargiulo*, 485 F3d 701, 708 [2007]).

Under the circumstances of this case, and given the distance between the New York and Florida forums, the defendant's inclusion of a forum selection clause in its customer order acknowledgment forms constitutes a material alteration to the parties' initial contracts (*see Polymont Intl. v National Polystyrene Recycling Co.*, 256 AD2d 562 [1998]; *Pacamor Bearings v*

*Molon Motors & Coil*, 102 AD2d 355, 358 [1984]; *see also Hugo Boss Fashions v Sam's Eur. Tailoring*, 293 AD2d 296 [2002]). Therefore, upon reargument, the Supreme Court should have denied those branches of the defendant's motion which were, in effect, for summary judgment dismissing the third and fourth causes of action.

In contrast to the third and fourth causes of action, the first and second causes of action pertained to purchase orders where forum selection was not an issue. The Supreme Court severed those causes of action from this action, and removed them to the District Court, as the amount in controversy did not exceed the $15,000 jurisdictional limit of the District Court. In light of our determination that the third and fourth causes of action, each of which seeks damages in excess of the District Court's $15,000 jurisdictional limit, should not have been summarily dismissed, the first and second causes of action should be removed back to the Supreme Court, Nassau County, for the judicial economy of litigating all of the parties' disputes in a single forum.

The defendant's remaining contentions either are without merit or have been rendered academic by our determination. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.