*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUPERIOR ROLL, LLC,

        Plaintiff-Appellant,

v

MACHINERY MARKETING INTERNATIONAL, LLC,

        Defendant-Appellee.

FOR PUBLICATION
November 20, 2024
2:01 PM

No. 369279
Monroe Circuit Court
LC No. 2023-146880-CK

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

RIORDAN, J.

Plaintiff Superior Roll, LLC appeals as of right the trial court's order granting defendant Machinery Marketing International, LLC's motion for summary disposition pursuant to MCR 2.116(C)(4) (lack of subject-matter jurisdiction) on the basis that the parties contractually agreed to a forum-selection clause for Illinois. On appeal, plaintiff argues that the trial court erred because the forum-selection clause was not a part of the parties' agreement. Further, although not considered by the trial court, plaintiff also argues that the trial court had subject-matter jurisdiction over the case and personal jurisdiction over defendant.

We conclude that the forum-selection clause was not a part of the parties' agreement under the Uniform Commercial Code (UCC). Therefore, we reverse the trial court and remand to that court for further proceedings.

## I. FACTS

On September 20, 2023, plaintiff filed its complaint against defendant, alleging that plaintiff is a Michigan LLC that does business in Monroe County, defendant is an Illinois LLC that does business in Monroe, Michigan, and that venue is proper in Monroe Circuit Court because the cause of action arose in Monroe County. Plaintiff further alleged that on or about October 17, 2022, it purchased a piece of machinery from defendant for $83,000. In doing so, plaintiff relied upon defendant's representation that the machine was fully operational and its representation that

-1-

it would provide a 30-day warranty to plaintiff.  Unfortunately, the machine quickly developed problems, which defendant failed to correct at its own expense.  Plaintiff ultimately corrected these problems after several weeks, thus incurring both the expenses of repair and lost profits.  Plaintiff accordingly maintained four separate claims against defendant, such as breach of warranty, seeking damages exceeding $25,000.

As an exhibit to the complaint, plaintiff attached an October 17, 2022 invoice defendant had sent to plaintiff.  The invoice identified the purchase price of $83,000 and the 30-day warranty.  In addition, the invoice included the following term of sale:

> Any claims relating to this equipment shall be decided in Illinois courts without a jury, applying Illinois state law, and with the prevailing party entitled to recover all reasonable expenses, including legal fees.

On November 1, 2023, defendant moved for summary disposition under MCR 2.116(C)(4), asking the trial court to dismiss the complaint without prejudice to allow plaintiff an opportunity to file its complaint in Cook County, Illinois.  In the accompanying brief, defendant argued that the trial court was required to apply the forum-selection clause in the invoice pursuant to MCL 600.745(3), which requires courts to apply forum-selection clauses unless one of the limited statutory exceptions is present.[1]  Defendant also requested attorney fees.

On November 27, 2023, plaintiff filed its response, explaining the following additional facts about the machine sale.  On September 26, 2022, defendant e-mailed a quote for the sale to plaintiff.  Specifically, according to an e-mail exchange that day, at 10:42 a.m., plaintiff sent defendant an email stating, "I am interested in this machine.  It has the envelope I am looking for, the pictures tell a story that this machine may have had a tough life?"  At 11:23 a.m., defendant sent plaintiff a quote including certain terms of sale but, importantly, not including a forum-selection clause.[2]  Then, at 12:23 p.m., defendant sent plaintiff an e-mail stating, in relevant part:

> As this is a part of my inventory and at the asking $80,000 price, I am willing to accept a 30-day return/repair warranty on all mechanical and electrical parts of the machine. . . .  If there are any mechanical or electrical issues on the machine we will repair it for free of cost or you can return the machine for a full refund.

* * *

---

[1] To be precise, the contractual provision at issue includes both a forum-selection clause and a choice-of-law clause.  However, because the trial court and both parties only addressed the forum-selection aspect of the provision, we will do so as well.

[2] The quote also did not include any warranty, and a term of sale stated that "no warranties are suggested or implied."

Please let me know if you are interested or if you have any questions for me.

At some point after this e-mail exchange, plaintiff agreed to purchase the machine.[3] Then, on or about October 17, 2022, defendant provided the invoice to plaintiff, which contained the additional term at issue, i.e., the forum-selection clause.

Plaintiff contended that it never agreed to that additional clause by signature or otherwise. Plaintiff accordingly argued that "Plaintiff is not bound by the Illinois forum selection clause contained in the Invoice because it never discussed nor agreed to the provision and the provision materially alters the contract and, thus, did not become a part of the contract as a matter of law." (Emphasis omitted.) Plaintiff also argued that the trial court had subject-matter jurisdiction over the case, and defendant was subject to the personal jurisdiction of the court.

On December 8, 2023, the trial court held a hearing on the motion for summary disposition. Defendant appeared, but plaintiff did not. After noting that plaintiff's counsel had received notice of the motion hearing, the trial court promptly ruled in favor of defendant, reasoning as follows:

> So your motion is granted. I'm denying your request for costs because they can bring that up in the litigation should they decide to do so in – in Cook County. It should be understood, maybe, or just emphasized on the record, is that there was a quote here and that quote said that there were no warranties, expressed or implied. Obviously we didn't want that. So then there was an invoice which I'm sure was given before the delivery which had the warranty conditions as well as the choice of form [sic]. So for all those reasons, your motion is granted and you may submit an order.

The same day, the trial court entered an order memorializing its decision on the record. This appeal followed.

## II. STANDARD OF REVIEW

The trial court granted summary disposition in favor of defendant under MCR 2.116(C)(4), which provides that summary disposition is warranted when "[t]he court lacks jurisdiction of the subject matter." However, MCR 2.116(C)(7) provides that summary disposition is warranted when there is "an agreement to arbitrate or to litigate in a different forum." Regardless, "[t]his Court reviews de novo a trial court's decision on a motion for summary disposition." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008). In addition, "a trial court's dismissal of an action pursuant to a contractual forum-selection clause is properly reviewed

---

[3] It is unclear how the parties agreed to the machine sale, but the response, as well as the affidavit of plaintiff's managing member attached to the response, implies that the parties communicated by phone.

on appeal under a de novo standard." *Turcheck v Amerifund Fin, Inc*, 272 Mich App 341, 345; 725 NW2d 684 (2006).

## III. DISCUSSION

The issue in this appeal is whether the forum-selection clause included in the October 17, 2022 invoice unilaterally sent by defendant to plaintiff is deemed part of the agreement between the parties under the UCC.[4]  If so, the trial court correctly dismissed the case.[5]

"In general, Michigan courts enforce forum-selection clauses, and Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions." *Barshaw v Allegheny Performance Plastics, LLC*, 334 Mich App 741, 748; 965 NW2d 729 (2020) (quotation marks and citations omitted).  In this regard, MCL 600.745(3) provides as follows:

> If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:
>
> (a) The court is required by statute to entertain the action.
>
> (b) The plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action.
>
> (c) The other state would be a substantially less convenient place for the trial of the action than this state.

---

[4] The UCC defines "contract" as "the total legal obligation that results from the parties' agreement as determined by this act as supplemented by any other applicable laws," MCL 440.1201(2)(*l*), and "agreement" as "the bargain of the parties in fact, as found in their language or by implication from other circumstances, including course of performance, course of dealing, or usage of trade or course of performance," MCL 440.1201(2)(c).  For the purposes of this case, "contract" and "agreement" essentially are interchangeable.

[5] The parties also dispute jurisdiction.  Simply put, plaintiff argues that because the forum-selection clause does not govern this case, it follows that the trial court has subject-matter jurisdiction over the case and personal jurisdiction over defendant.  On the other hand, defendant argues that because the forum-selection clause does govern this case, it follows that the trial court did not have subject-matter jurisdiction or personal jurisdiction.  It is unnecessary to address these arguments because the underlying question in this appeal simply is whether the forum-selection clause governs the dispute.  To the extent that defendant intends to independently raise such jurisdictional arguments, it may do so on remand.

(d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.

(e) It would for some other reason be unfair or unreasonable to enforce the agreement.

"If none of the exceptions listed in Subdivisions (a) through (e) applies, then Michigan courts will enforce the parties' contractual forum-selection clause as written pursuant to MCL 600.745(3)." *Barshaw*, 334 Mich App at 749.

In this case, plaintiff does not argue that any of the exceptions set forth in MCL 600.745(3)(a) to (e) is applicable. Rather, plaintiff argues that under UCC 2-207, see MCL 440.2207, the forum-selection clause set forth in the invoice was not a part of the parties' agreement. Plaintiff contends that the parties' agreement predated the invoice and was established by phone or e-mails, or both. Defendant, on the other hand, argues that the invoice is the only written contract between the parties, so the forum-selection clause therein is valid and enforceable. According to defendant, the invoice is the enforceable contract between the parties under MCL 440.2207.[6]

MCL 440.2207 provides as follows:

(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

(a) the offer expressly limits acceptance to the terms of the offer;

(b) they materially alter it; or

(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract

---

[6] The parties agree that Article 2 of the UCC governs this case. See MCL 440.2102 ("Unless the context otherwise requires, this article applies to transactions in goods . . . .").

consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this act.

Comment 1 to UCC 2-207 explains when this section is applicable:

> This section is intended to deal with two typical situations. *The one is the written confirmation, where an agreement has been reached either orally or by informal correspondence between the parties and is followed by one or both of the parties sending formal memoranda embodying the terms so far as agreed upon and adding terms not discussed.* The other situation is offer and acceptance, in which a wire or letter expressed and intended as an acceptance or the closing of an agreement adds further minor suggestions or proposals . . . . [UCC § 2-207, official comment 1 (2024) (emphasis added).]

Further, comment 3 to UCC 2-207 explains when an additional term will become part of the parties' preexisting agreement:

> Whether or not additional or different terms will become part of the agreement depends upon the provisions of subsection (2). If they are such as materially to alter the original bargain, they will not be included unless expressly agreed to by the other party. If, however, they are terms which would not so change the bargain they will be incorporated unless notice of objection to them has already been given or is given within a reasonable time. [UCC § 2-207, official comment 3 (2024).]

While UCC comments "do not have the force of law," they "are useful aids to interpretation and construction of the UCC and were intended to promote uniformity in the interpretation of the UCC." *Farmland Capital Solutions, LLC v Mich Valley Irrigation Co*, 335 Mich App 370, 380; 966 NW2d 709 (2021) (quotation marks and citation omitted).

Here, documentary evidence submitted below, as well as the facts discussed by the parties both below and on appeal, clearly implies that the parties reached an agreement to purchase the machine either orally by phone or through informal e-mail communications, or both. For example, plaintiff's managing member averred in an affidavit that "[a]fter I believed that [defendant] and I had come to an agreement about Superior Roll's purchase of the Machine from MMI, [defendant] provided me with an invoice for Superior Roll's purchase of the Machine dated October 17, 2022[.]" Defendant does not dispute this assertion or otherwise deny that the parties had an informal agreement that predated the invoice. Thus, as comment 1 to UCC 2-207 explains, MCL 440.2207 governs this case because there is "written confirmation, where an agreement has been reached either orally or by informal correspondence between the parties and is followed by one or

both of the parties sending formal memoranda embodying the terms so far as agreed upon and adding terms not discussed." UCC § 2-207, official comment 1 (2024).[7]

Accordingly, because the parties had an informal agreement for the sale of the machine that predated the invoice, and because it is undisputed that the invoice purported to add a term—the forum-selection clause—to the parties' agreement, see MCL 440.2207(1), the question then becomes whether that term "materially alter[s]" the agreement. See UCC § 2-207, official comment 3 (2024). If so, that term did not become a part of the parties' agreement because plaintiff did not agree to it. See MCL 440.2207(2)(b).

While it appears that no Michigan court has addressed the issue, the United States District Court for the Eastern District of Michigan has concluded that "if faced with the issue, the Michigan Supreme Court would rule that a unilateral addition of a forum selection clause to a contract governed by the UCC is a material alteration of the contract that does not become a part of the contract by operation of M.C.L. 440.2207(2)(b)." *Metropolitan Alloys Corp v State Metals Industries, Inc*, 416 F Supp 2d 561, 567 (ED Mich, 2006). The federal district court reasoned that Williston on Contracts states that a forum-selection clause constitutes a material alteration, state courts have regularly reached the same conclusion, and the federal court itself was unable to identify a contrary federal or state judicial decision. *Id*. at 566-567. Therefore, taking the *Metropolitan Alloys* decision as persuasive authority, see *Omian v Chrysler Group LLC*, 309 Mich App 297, 307 n 6; 869 NW2d 625 (2015), it follows that the forum-selection clause in the invoice in the matter before us "materially alter[s]" the parties' earlier agreement. Further, because plaintiff did not otherwise agree to the forum-selection term, it did not become a part of the parties' agreement. Consequently, the trial court here erred by dismissing this case on the basis of the forum-selection clause, and its dismissal must be reversed.

Finally, we note that other courts have engaged in essentially identical reasoning when confronted with a similar fact pattern. In other words, when two merchants orally agree to a transaction, and one merchant subsequently sends a document to the other merchant with a forum-selection clause, that clause is not included as part of the parties' agreement because it constitutes a material alteration of the preexisting agreement. For example, one New York court decided similarly:

---

[7] Defendant argues that "[t]he only evidence of a legal obligation or bargain between the parties is the [invoice] that Appellee prepared . . . ." Ordinarily, applying general principles of contract law, defendant would be correct because the invoice was the only written formalization of the parties' agreement. See generally, *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Moreover, any negotiations or verbal agreements typically would be irrelevant under the parole evidence rule. See *Blackburne & Brown Mortg Co v Ziomek*, 264 Mich App 615, 627; 692 NW2d 388 (2004).

However, Article 2 of the UCC, which the parties agree is applicable here, is different from black-letter contract law, as Article 2 contemplates informal discussions and agreements between merchants. See MCL 440.2207.

[A]t issue is not whether plaintiff is entitled to prove its alleged oral contracts with defendant, but whether the oral contracts that defendant admittedly entered into with plaintiff included the forum selection clause contained in plaintiff's confirmatory invoices. In the latter regard, defendant's president states that defendant never orally agreed to New York jurisdiction; plaintiff does not purport to adduce evidence to the contrary, but instead argues that the terms contained in its invoices, including the forum selection clause, are binding on defendant as a matter of law under UCC 2–207(b), since such terms do not materially alter the parties' oral contracts and defendant never objected thereto. We find, as a matter of fact, that the subject forum selection clause, which, we note, not only requires defendant to litigate in New York but also to waive a jury trial, materially alters the parties' oral contracts. Accordingly, defendant cannot be deemed to have agreed to New York jurisdiction[.] [*Hugo Boss Fashions, Inc v Sam's European Tailoring, Inc*, 293 AD2d 296, 297; 742 NYS 2d 1 (NY App Div, 2002) (cleaned up).]

See also *Dale R Horning Co, Inc v Falconer Glass Industries, Inc*, 710 F Supp 693, 698-699 (SD Ind, 1989) ("Accordingly, because the forum selection clause would materially alter the [oral] contract, it is not a part of the parties' agreement."); *Pfizer Inc v Advanced Monobloc Corp*, 1998 WL 110129 (Del Super, 1998) ("[A]ssuming that there existed a prior oral agreement by the parties, Advanced Monobloc's forum selection clause would not be included" because "pursuant to Section 2-207(2)(b), the forum selection clause materially alters the contract."). These cases reinforce and support our decision in the matter before us.

## IV.  CONCLUSION

Because the forum-selection clause was not a part of the parties' agreement under MCL 440.2207, the trial court erred by dismissing this case on the basis of that clause. Therefore, we reverse the trial court and remand to that court for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh